# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **WAKEEL ABDUL-SABUR,** ) | **CASE NO. 7:20CV00501** |
| ) | |
| **Petitioner,** ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| **UNITED STATES OF AMERICA,** ) | **By:  Hon. Glen E. Conrad** |
| ) | **Senior United States District Judge** |
| **Respondent.** ) | |

Petitioner Wakeel Abdul-Sabur, a Virginia inmate proceeding pro se, filed this petition for a writ of habeas corpus under 28 U.S.C. § 2241.  Abdul-Sabur challenges his future confinement under the sentence imposed by this court on May 31, 2000, Case No. 6:99CR30073, relying on decisions in Chambers v. United States, 555 U.S. 122 (2009), and United States v. Wheeler, 886 F.3d 415 (4th Cir. 2018).  Upon review of the record, the court concludes that the petition must be summarily dismissed.

I.

Abdul-Sabur is currently serving state prison sentences for convictions under Virginia law. On March 8, 2000, Abdul-Sabur pleaded guilty in this court, pursuant to a written plea agreement, to one count of mailing a threatening communication while incarcerated, in violation of 18 U.S.C. § 876.  At the time of his federal sentencing hearing, Abdul-Sabur was serving five previously-imposed state sentences: a seventeen-year sentence for robbery, use of a firearm, and possession of a firearm by a convicted felon, imposed by the Circuit Court for the City of Roanoke on February 3, 1999; a five-year sentence for credit card fraud and related charges; a six-year sentence for grand larceny, imposed by the Circuit Court of Louisa County on February 17, 1999; a 25-year sentence for credit card theft and forgery imposed by the Circuit Court of Albemarle County on April 9, 1999; and two, two-year sentences for escape from custody and assault on a law

enforcement agent, imposed by the Circuit Court of Amherst County on October 20, 1999. See United States v. Abdul-Sabur, No. 6:99CR30073, Presentence Investigation Report ("PSR") 11-12, ECF No. 45. Abdul-Sabur also had prior convictions for other felony offenses, including unlawful wounding and attempted escape in the Circuit Court of Chesterfield County. Id. at 9.

The PSR assigned Abdul-Sabur 30 criminal history points, resulting in a criminal history category of VI, and calculated his base offense level at 12, reduced by two points for acceptance of responsibility, for an adjusted offense level of 10. However, based on findings that Abdul-Sabur's instant offense qualified as a crime of violence, as defined by United States Sentencing Guidelines Manual ("USSG") § 4B1.2(a), and that he had at least two prior felony convictions for crimes of violence, the PSR found that he qualified as a career offender under USSG § 4B1.1. Id. at 4-5, 13. As a result, the PSR calculated an adjusted offense level of 17, decreased by three levels for acceptance of responsibility, for a total offense level of 14. Id. at 4-5. When combined with a criminal history category of VI, the total offense level yielded a then-mandatory sentencing guidelines range of 37 to 46 months in prison. Id. at 17.

At sentencing, Abdul-Sabur objected to the career offender designation as inconsistent with language in his plea agreement and moved to withdraw his guilty plea.[1] United States District Judge Norman K. Moon, to whom the criminal case was assigned, overruled Abdul-Sabur's objections, denied his bid to withdraw the guilty plea, and sentenced him to 46 months in prison to be served consecutive to any other sentence.

Abdul-Sabur's direct appeal and motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 were unsuccessful. In his § 2241 petition, he contends that he must be resentenced, because the application of the career offender enhancement is now erroneous, based

---

[1] The plea agreement reduced Abdul-Sabur's sentence exposure from a maximum of ten years to a maximum of five years in prison. Sabur, No. 6:99CR30073, PSR 17, ECF No. 45.

on Chambers, 555 U.S. at 123 (failure to report for penal confinement is not a violent felony for purposes of sentence enhancement under 18 U.S.C. § 924(e)) and related decisions.

II.

A prisoner must generally file a motion under § 2255 to collaterally attack the legality of his detention under a federal conviction or sentence. 28 U.S.C. § 2255(a); Davis v. United States, 417 U.S. 333, 343 (1974). A district court cannot entertain a petition for a writ of habeas corpus under § 2241 challenging the validity of an inmate's detention under a federal court judgment unless a motion pursuant to 28 U.S.C. § 2255 is "inadequate or ineffective to test the legality of [that inmate's] detention." 28 U.S.C. § 2255(e) ("the savings clause"); United States v. Wheeler, 886 F.3d 415, 423 (4th Cir. 2018), cert. denied, 139 S. Ct. 1316 (2019) (holding that satisfaction of the savings clause in § 2255(e) is "jurisdictional" and thus determines whether § 2241 petition can be entertained at all).

The United States Court of Appeals for the Fourth Circuit has determined that a § 2255 motion is inadequate and ineffective to test the legality of a sentence if the defendant can show that:

> (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

Wheeler, 886 F.3d at 429. To proceed with his Chambers claim under § 2241, Abdul-Sabur must meet all four of these elements. He cannot do so.

The Chambers case and other cases Abdul-Sabur cites addressed whether failure to report for penal confinement, or a so-called walk away escape from such confinement, could be

considered a violent felony for purposes of a sentence enhancement under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e). The Chambers decision is not directly on point here, because Abdul-Sabur is not challenging an enhancement under the ACCA.[2] More importantly, however, Abdul-Sabur's career offender status was not dependent on a prior conviction for attempted escape. At sentencing, Abdul-Sabur affirmed that he had other prior convictions for felony crimes of violence—robbery and malicious wounding. Sabur, No. 6:99CR30073, Sent. Tr. 4, 19, ECF No. 19. These prior offenses qualified, and continue to qualify, as predicates for a career offender enhancement. See United States v. James, 718 F. App'x 201, 202 (4th Cir. 2018) (prior conviction for unlawful wounding under Virginia law is a crime of violence under § 4B1.2(a)(1)); United States v. Parker, 716 F. App'x 190, 193 (4th Cir.), cert. denied, 138 S. Ct. 2638 (2018) ("Virginia robbery is a crime of violence under USSG § 4B1.2(a)'s enumerated offenses clause"); see also United States v. Chapman, 866 F.3d 129, 134-35 (3d Cir. 2017) (holding that 18 U.S.C. § 876 is a divisible statute and that a conviction under subsection (c) for mailing communications with a threat to injure another "falls squarely within the career offender enhancement's definition of 'crime of violence'").

For these reasons, Abdul-Sabur cannot show that his career offender sentence is fundamentally defective, absent consideration of his escape conviction, in light of Chambers. Accordingly, he is unable to satisfy the fourth element of the Wheeler test to invoke the savings clause to challenge his sentence in a § 2241 petition. Therefore, his case must be summarily dismissed without prejudice for lack of jurisdiction. An appropriate order will enter this day.

---

[2] But see Lester v. Flournoy, 909 F.3d 708, 716 (4th Cir. 2018) (holding that a sentence was fundamentally defective for purposes of Wheeler where an erroneous career offender designation raised the then-mandatory sentencing range and allowing Chambers claim challenging career offender enhancement that relied on a walk away escape conviction to be addressed on the merits under § 2241).

The clerk is directed to send copies of this memorandum opinion and accompanying order to petitioner.

**ENTER**:  This  22nd  day of December, 2020.

                                                  Senior United States District Judge